1    WO

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                        **DISTRICT OF ARIZONA**

8    Nikolai M. Fedoseev and Gulzhan Fedoseeva,  )
     husband and wife,                           )        CV-05-536-TUC-DCB
9                                                )
                    Plaintiffs,                  )
10                                               )
     v.                                          )
11                                               )
     Michael Alexandrovich and Marina N.         )        **ORDER**
12   Alexandrovich, individually and as husband  )
     and wife,                                   )
13                                               )
                    Defendants.                  )
14   _____ )

15

16        Pending before this Court are Defendants' "Joint Motion to Dismiss and Motion to

17   Strike" ("First Motion to Dismiss"), "Motion to Strike Plaintiffs' Amended Complaint and

18   Plaintiff's Opposition to Defendants' Joint Motion to Strike" ("Motion to Strike"), "Motion

19   to Dismiss Plaintiffs' Amended Complaint" ("Second Motion to Dismiss"),[1] and "Defendants'

20   Motion to Strike Plaintiffs' Untimely Request for Jury Trial" ("Motion to Strike Jury

21   Request").  Defendants submit the Motion to Strike for: (1) late service of Plaintiff's First

22   Amended Complaint ("Amended Complaint") and Plaintiff's Opposition to Defendants' Joint

23   Motion to Strike ("Opposition"), and (2) for filing the Amended Complaint and the

24   Opposition without the signature of at least one attorney of record.  Defendants submit the

25   _____

26        [1]Plaintiffs filed a Response to the Motion to Strike and Second Motion to Dismiss, and
     Defendants filed a "Motion to Strike Plaintiffs' Response to Defendants' Motion to Strike Plaintiffs'
27   Amended Complaint and Plaintiffs' Opposition to Defendants' Joint Motion for Non-Compliance
     with Local Rule 7.2 of Civil Procedure, or, in the Alternative, Defendants' Reply to Plaintiffs'
28   Response." (Document 24).  The Court treats it as a Reply and has it docketed accordingly.

Second Motion to Dismiss[2] for: (1) failure to state a claim pursuant to Rule 12(b)(6); (2) improper venue pursuant to Rule 12(b)(3), or alternatively transfer for convenience; (3) insufficient process pursuant to Rule 12(b)(4); (4) failure to join an indispensable party pursuant to Rule 12(b)(7); and (5) lack of personal jurisdiction pursuant to Rule 12(b)(2). Defendants submit the Motion to Strike Jury Request claiming that the request is untimely. For the reasons set forth below, Defendants' Motion to Strike (document 9) is denied.[3] Defendants' Motions to Dismiss (documents 3 and 9) are granted in part and denied in part. Defendants' Motion to Strike Jury Request (document 10) is denied.

## I.   INTRODUCTION

### A.  Background

This is an action arising out of a dispute between two couples. Plaintiffs Nikilai M. Fedoseev and Gulzhan Fedoseeva ("Plaintiffs Fedoseev") hired Defendant Marina N. Alexandrovich to perform legal services related to immigration issues. Some time later, the Plaintiffs discharged Marina. Subsequently, Plaintiffs allege that Defendants Michael Alexandrovich and Marina N. Alexandrovich ("Defendants Alexandrovich") began defaming

---

[2]Defendants first filed a "Joint Motion to Dismiss and Motion to Strike" ("First Motion to Dismiss") on September 13, 2005. Subsequent to Plaintiffs filing an Amended Complaint, Defendants filed their "Motion to Dismiss Plaintiffs' Amended Complaint" ("Second Motion to Dismiss") on November 7, 2005. The only relevant difference is that in the First Motion to Dismiss, Defendants included the following argument not reurged in the Second Motion to Dismiss, which was that Counts I through VII of the Complaint should be stricken because they contain redundant, impertinent, and immaterial matters. Since the arguments in both motions are largely the same, the Court addresses both motions together without distinguishing between the two.

[3]Oral Argument - The Plaintiffs have requested oral argument on the Motion to Strike and the Motion to Dismiss. Defendants have not requested oral argument. Both parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, and oral argument will not aid the Court's decisional process. Therefore, the Court denies the Plaintiffs request for oral argument. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provide the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required.)

Plaintiffs Fedoseev by speaking and publishing untrue statements and materials concerning them. Some of the alleged instances of defamation include the following: (1) Michael writing a letter to Plaintiffs' new attorney Gloria Goldman claiming that "Mrs. Fedoseeva is afflicted with a behavioral disorder and is not in full control of her faculties"; (2) Michael making phone calls to Gloria Goldman which included additional defamatory remarks; (3) Defendants placing posters at stores in Phoenix which gave the impression that Gulzhan Fedoseeva was soliciting legal business and engaging in the unauthorized practice of law; (4) Michael writing a letter to the State Bar accusing Gulzhan of unauthorized practice of law and including a picture of the poster as an exhibit; and (5) Michael making a false report to the Pima County Sheriff's Office accusing the Plaintiffs of harassment among other claims.

Plaintiffs' Complaint includes seven counts as follows: three counts of libel, one count of slander, one count of false light invasion of privacy, one count of intentional infliction of emotional distress, and one prayer for injunctive relief. Plaintiffs seek both compensatory and punitive damages as well as the aforementioned injunctive relief.

## B. Jurisdiction

This case was originally filed in Pima County Superior Court on August 18, 2005 and removed to this court in September 2005 on the basis of diversity under Title 28 of United States Code Section 1332. Plaintiffs are currently seeking asylum in the United States. While neither party challenged jurisdiction, jurisdictional bars cannot be waived, and thus the court addresses jurisdiction *sua sponte*. *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005) (citing *Humboldt County v. United States*, 684 F.2d 1276, 1280 (9th Cir. 1982)). If Plaintiffs are aliens admitted to the United States for permanent residence, then there would be no diversity as both Plaintiffs and Defendants would be considered citizens of Arizona.

The diversity jurisdiction statute notes that "for the purposes of this section, ..., an alien admitted to the United States for permanent residence shall be deemed a citizen of the

State in which such Alien is domiciled."  28 U.S.C.A. § 1332 (1999).  In *Foy v. Schantz, Schatzman & Aaronson*, 108 F.3d 1347 (11th Cir. 1997), the court stated that "the permanent resident alien provision of § 1332(a) applies only to aliens who have received permission from the INS to remain permanently in this country."  *Id.* at 1349-50 (allowed an alien who had lived in Florida for four years under a temporary visa to sue a Florida law firm in federal court since he did not have a green card).  In addition, "a political asylee is not a person admitted to the United States for permanent residence within the meaning of Section 1332(a)."  *Aideyan v. Greaves*, 908 F.Supp. 196 (S.D.N.Y. 1995).  The court in *Greaves* reasoned that a political asylee's relationship to the country is often more transitory than permanent resident aliens.  *Id.*  Under the reasoning in *Greaves*, even if Plaintiffs already had received permission to remain in the country as asylees, they would not be considered "admitted to the United States for permanent residence."

Plaintiffs are not aliens admitted for permanent residence.  Plaintiffs are merely in the process of obtaining legal residence based on political asylum and thus don't fall under the description of "aliens admitted for permanent residence."  Therefore, there is diversity and this court has jurisdiction.  Even if they are granted permanent status during the pendency of the case, the court still has jurisdiction as jurisdiction is determined at the time the action is brought.  *Smith v. Sterling*, 354 U.S. 91, 93 (1957).

## II.  DISCUSSION - MOTION TO STRIKE

Defendants' Motion to Strike seeks to strike Plaintiffs' Amended Complaint as well as Plaintiffs' Opposition to Defendants' Joint Motion to Strike.  Defendants assert that these two documents should be thrown out because they were filed late under Rules 12.1 and 56.1 of the Local Rules of Civil Procedure and were not properly signed by an attorney of record as required by Rule 11 of the Federal Rules of Civil Procedure.

1

2

### A.  Timing

Defendants claim that Plaintiffs filed their Amended Complaint late.  Plaintiffs filed their Amended Complaint on October 17, 2005.  Under the Federal Rules, a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 11.  A motion to dismiss does not constitute a responsive pleading for purposes of Rule 15.  *Doe v. United States*, 58 F.3d 494, 496-97 (9th Cir. 1995). "Neither the filing nor granting of such a motion before answer terminates the right to amend." *Id.* at 497.  As of October 17, 2005, Defendants had not yet filed a responsive pleading; even now, Defendants have not yet filed an Answer.  Therefore, Plaintiffs' Amended Complaint was timely filed.

Defendants also claim that Plaintiffs' Opposition was untimely filed because it was filed more than thirty (30) days after Defendants filed their First Motion to Dismiss. Defendants filed on September 13, 2005, and Plaintiffs filed on October 17, 2005.  Since the First Motion to Dismiss raised jurisdictional issues, Local Rules 12.1 and 56.1 require a party to serve and file a responsive memorandum ("Response") in opposition within 30 days after service of the Motion to Dismiss.  LRCiv 12.1, 56.1.  Rule 6 of the Federal Rules of Civil Procedure allows three days to be added for service of the Response.  Fed. R. Civ. P. 6.  In addition, if the final day of the period falls on a Saturday, Sunday, or holiday, then the period is extended to "the end of the next day which is not one of the aforementioned days." *Id.* Thirty days from September 13, 2005 was October 13, 2005.  Adding 3 days for service made the Response due on October 16, 2005.  However, since October 16, 2005 was a Sunday, the deadline for filing a response was Monday, October 17, 2005. Plaintiffs' Opposition was timely filed.

**B.  Attorney Signature**

Rule 11 of the Federal Rules of Civil Procedure requires that "every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name."  Fed. R.Civ. P. 11.  For purposes of Rule 11 signatures, the log-in and password required to submit documents electronically to the United States District Court for the District of Arizona count as signatures.  LRCiv 5.5g.  In filing their Amended Complaint and Opposition, Plaintiffs satisfied their Rule 11 requirements by complying with LR Civ 5.5g.

**III.    DISCUSSION - MOTION TO DISMISS**

**A.  Standard of Review**

Defendants' First Motion to Dismiss was filed pursuant to Rule 12, Fed.R.Civ.P.on September 13, 2005.   Plaintiff responded on October 17, 2005 with case law and explanations as well as indicating that many of Defendants' concerns were addressed by Plaintiffs Amended Complaint.  Defendants' filed their Second Motion to Dismiss on November 7, 2005 and Plaintiffs responded on December 9, 2005.

On motions to dismiss brought pursuant to Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782-83 (9th Cir. 1996). "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated General Contractors of America v. Metropolitan Water District of Southern California*, 159 F.3d 1178, 1181 (9th Cir. 1998) (citation and internal quotation marks omitted). A motion to dismiss should be granted if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *SmileCare*, 88 F.3d at 783. A complaint may be dismissed as a matter of law for either,"lack of a cognizable theory" or, "insufficient facts under a cognizable legal claim." *Id.* (citation and internal quotation marks omitted).

1

2

**B.  Failure to State a Claim - 12(b)(6)**

3        Defendants move to dismiss all seven counts of the Amended Complaint on the basis

4   that they do not state a claim upon which relief can be granted and, therefore, should be

5   dismissed under Rule 12(b)(6).  The Federal Rules of Civil Procedure set up a liberal system

6   of notice pleading which "does not require a claimant to set out in detail the facts upon which

7   he or she bases a claim."  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

8   Rather, "all that is required is a short and plain statement of the claim that will give the

9   defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*

10  Defendants' arguments against the seven counts can be grouped into four sections:  (1) libel

11  and slander; (2) false light invasion of privacy; (3) intentional infliction of emotional distress;

12  and (4) injunctive relief.

                    1.  Libel and Slander

13        Defendants first allege that the Plaintiffs' claims of libel and slander have not been

14  pled with the requisite particularity.  Libel and slander are not subject to the heightened

15  pleading standards that Rule 9 of the Federal Rules of Civil Procedure places on claims of

16  fraud or mistake.  Fed R. Civ. P. 9.  Therefore, these claims are subject to the general

17  pleading requirements of Rule 8.  Plaintiffs provide numerous details in their Amended

18  Complaint.  Even if Plaintiffs were subject to higher pleading requirements, their Amended

19  Complaint would satisfy these requirements.

20

21        Defamation includes libel and slander.  In Arizona, "libel is any malicious

22  falsehood expressed by writing ... which tends to bring any person into disrepute,

23  contempt or ridicule ... or any malicious defamation expressed by writing, printing, or by

24  signs or pictures, which tends to impeach the honesty, integrity, virtue or reputation, or

25  publish the natural or alleged defects of one who is alive, and thereby to expose him to

26  public hatred, contempt or ridicule. *Ilitzky v. Goodman*, 112 P.2d 860, 862 (Ariz. 1941).

27  Libel per se is a statement that on its face comes under this definition without the need to

28                                          7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

rely on extraneous facts. *Id.* Libel per quod is a statement that requires knowledge of additional facts to become actionable. *Id.* In cases of libel per quod, special damages must be alleged and pled. *Id.* Slander is essentially libel expressed in a transitory form, especially speech. *See Black's Law Dictionary* (Bryan A. Garner ed., 8th ed., West 2004). The rules applicable to libel per se and libel per quod also apply to slander per se and slander per quod. *See Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trustees*, 514 P.2d 514, 516 (Ariz. App. Div. 2 1973).

In Count I (libel), Plaintiffs allege that the statement is libel per se. The statement in question, included in a letter written by Michael Alexandrovich to Plaintiffs' counsel Gloria Goldman, states that "Mrs. Fedoseeva is afflicted with a behavioral disorder and is not in full control of her faculties." This statement is libel per se. Therefore, Plaintiffs are not required to plead special damages and Count I is properly pled.

In Count II (libel), Plaintiffs allege that Defendants placed posters in various stores in Phoenix that advertised Mrs. Fedoseeva's availability to perform legal services. On their face, these posters are not defamatory. Rather, a reader would have to know that Mrs. Fedoseeva was not licensed to practice law and that her potential practice of law would be illegal. Therefore, extraneous facts are needed and this would have to be pled as libel per quod. In order to plead libel per quod, special damages must be alleged. Count II is dismissed without prejudice to its amendment.

In Count III (libel), Plaintiffs allege that Defendant Michael Alexandrovich wrote a letter to the State Bar of Arizona claiming that Mrs. Fedoseeva was engaging in the unauthorized practice of law. In order to bolster his claims, Mr. Alexandrovich included a picture of the poster described in Count II. Defendants claim that the statements are privileged on public policy grounds. However, even statements that are privileged can lose this protection if the privilege is abused. Plaintiffs allege spite and ill will and should

be allowed to make their case that even if a privilege did exist, it was exceeded. As of now, the court is not determining whether a privilege did or did not exist. Count III is properly pled.

In Count IV (slander), Plaintiffs allege that Defendants orally communicated false information concerning Plaintiffs to various third parties including but not limited to: Gloria Goldman, the Pima County Sheriff's Department, the Pima County Attorney's Office, the U.S. Immigration Customs Enforcement Agency, and the State Bar of Arizona. Defendants argue that Count IV should be dismissed for three reasons: (1) slander was not pled with the requisite specificity; (2) the statements were privileged; and (3) no special damages were pled. First, Count IV was properly pled because heightened specificity is not required for slander. Second, statements may lose their privileged status if the privilege is abused. Therefore, Plaintiffs should be allowed to make their case that even if a privilege did exist, it was exceeded. Third, similar to libel, slander requires special damages to be pled if it is not clear that the statements are defamatory per se. *Perry*, 514 P.2d at 516. Since it is unclear from the complaint what specific defamatory statements were made, the court is unable to determine whether they were slanderous per se or whether special damages must be pled. Count IV is dismissed without prejudice to its being amended.

## 2. False Light Invasion of Privacy

To succeed on a claim for false light invasion of privacy, a plaintiff must show: (1) the defendant knowingly or recklessly; (2) gave publicity to: (3) false information or innuendo about the plaintiff; (4) that a reasonable person would find highly offensive. *See Hart v. Seven Resorts, Inc.*, 947 P.2d 846, 854 (Ariz. App. Div. 1 1997). Plaintiffs allege the required elements in their Amended Complaint as follows: Defendants, motivated by spite and ill will, placed in a public place the posters containing the false information that created

the impression that Gulzhan is engaging in unauthorized practice of law, submitted the poster to the State Bar of Arizona and wrote a letter of complaint to harm Gulzhan's reputation, good name, character, and to jeopardize Gulzhan's legal status in the United States. Plaintiffs' false light invasion of privacy allegation states a claim upon which relief could be granted.

### 3.  Intentional Infliction of Emotional Distress

To succeed on a claim for intentional infliction of emotional distress, Plaintiffs must show that: (1) the conduct of the defendant was extreme and outrageous; (2) the defendant intended to cause the distress or recklessly disregarded the near certainty that such distress would result; and (3) severe emotional distress did occur. *Mintz v. Bell Atlantic Systems Leasing Int'l, Inc.*, 905 P.2d 559, 562-63 (Ariz. App. Div. 1  1995).  Plaintiffs have properly pled the elements of intentional infliction of emotional distress by alleging that the Defendants' slanderous and libelous conduct was extreme and outrageous and that Defendants knew and intended it to cause injury to Plaintiffs' marital community and adversely impact Plaintiffs' legal status and complicate Plaintiff's immigration proceedings causing severe emotional distress.

### 4.  Injunctive Relief

While injunctive relief is a remedy, it is often pled as a count in a complaint. Therefore, Plaintiffs prayer for injunctive relief will not be dismissed at this time.

**C. Improper Venue - 12(b)(3)**

Defendants claim that the Federal District Court of Arizona, Tucson Division is not a proper venue because there is an insufficient nexus between the venue where the alleged cause of action arose and because the majority of the potential witnesses reside in Maricopa County.  They argue that the case should be thrown out for improper venue. The Federal Rules provide guidelines for where venue is proper in diversity actions:

> A civil action wherein jurisdiction is found only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391. Since both Tucson and Phoenix are part of the single judicial District of Arizona, venue is proper here because the defendants reside in the District of Arizona.

Further, under Local Rule 5.1, in "cases where the cause of action has arisen in more than one county, the plaintiff may elect any of the divisions appropriate to those counties for filing and trial purposes." LRCiv 5.1. The alleged statements and letters to Gloria Goldman and the alleged statements to the Pima County Sheriff's Office occurred in Pima County. In addition, many potential witnesses including Gloria Goldman and other potential witnesses from the Pima County Sheriff's Office, Pima County Attorneys' Office and the U.S. Immigration Customs Enforcement Agency reside in Pima County as do Plaintiffs Fedoseev. The alleged defamatory poster was placed in grocery stores in Maricopa County and the alleged letters and phone calls from Defendant Michael Alexandrovich were placed from Maricopa County. In this case either the Tucson Division or the Phoenix division would be appropriate. Since Plaintiff can elect the division from the appropriate divisions available, Federal District Court of Arizona, Tucson Division, is a proper venue.

Finally, Defendants contend that even if venue is proper, the action should be transferred to the Phoenix Division for the convenience of the Defendants and potential witnesses who may reside in Maricopa County. However, Defendants point to no particular witnesses or their locations. Transfer is sometimes appropriate as "the Court reserves the right to assign any cases for trial elsewhere in the District at its discretion.

11

*Id.*  In this case, several of the events giving rise to the suit took place in Pima County. Also, several of the witnesses as well as the Plaintiffs live in Pima County.  Therefore, venue is proper and will remain in United States District Court, District of Arizona, Tucson Division.

### D. Insufficient Process - 12(b)(4)

Defendants base their insufficient process argument on the following:  (1) Plaintiffs' Amended Complaint was dated October 17, 2005, while Plaintiffs' verifications were notarized on October 14, 2005, three days earlier; (2) Plaintiffs' Exhibit B was in a foreign language and not properly translated into English; and (3) the Amended Complaint states Defendant Michael Alexandrovich's false report to the Pima County Sheriff's Office was August 17, 2005, when Exhibit E supporting such claim reveals the false report actually occurred on August 11, 2005.  Defendants do not cite any law in support of their arguments and none of their complaints have merit.  For the reasons set forth below, Plaintiffs' process is sufficient.

First, the verifications only verify that Plaintiffs have read the complaint and are familiar with what is in it.  Verification is not even required by the Federal Rules.  F. R. Civ. P. 11.  Defendants claim that allowing Plaintiffs to verify the Amended Complaint three days before it is filed would allow Plaintiffs to later seek an additional amended complaint on the basis that they did not know exactly what the attorneys were putting in the complaint. However, this is speculative and Plaintiffs have not asserted any such thing.  In addition, this would be attorney misconduct and there are other means to dissuade this kind of improper behavior.

Second, the Amended Complaint does contain a translation of the poster in exhibit B. Both the poster and its translation were allegedly prepared by Defendant Michael

Alexandrovich, who certified that the translation was accurate.  Both are offered as evidence to support the allegations in the Complaint.  It would be improper to alter such documents.

Finally, Plaintiffs have clarified the date of the incident involving the Pima County Sheriff in a Notice of Errata filed December 9, 2005.  August 17, 2005 was the date of the report of the incident while the incident actually occurred on August 11, 2005.

### E.  Failure to join - 12(b)(7)

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows motions to dismiss to be made if there is a "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)7.  Rule 19 requires certain parties to be joined in the interest of judicial efficiency and consistency. Defendants claim that the Plaintiffs' daughter, Veronica Fedoseeva, is an indispensable party to the action.  Veronica Fedoseeva, however, is merely a witness to the alleged events giving rise to this suit and as such is not an indispensable party to the action.

### F.  Personal Jurisdiction - 12(b)(2)

This court has jurisdiction over Defendants because Defendants are citizens of Arizona.  *See Pennoyer v. Neff*, 95 U.S. 714 (1877) (noting that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory").  Even if they were not citizens of Arizona, by working and living in Arizona they have activities that are substantial or continuous and systematic in the state and therefore are subject to the jurisdiction of this court.  *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

### G.  Redundant, Impertinent, Immaterial Matters - 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Defendants argue in their First Motion to Dismiss that the "Complaint is replete with redundant, impertinent, and immaterial matter" that should be

stricken.  In addition, they argue that the claims against Defendant Marina Alexandrovich be stricken because there are no viable claims against her.

Courts generally disfavor motions to strike under 12(f).  *Boreri v. Fiat S.P.A.*, 763 F.2d 17, 23 (1st Cir. 1985).  In this case, Plaintiffs' pleadings conform with generally accepted standards of pleading.  Further, in the Second Motion to Dismiss, Defendants fail to raise any of these concerns regarding the Amended Complaint.  Therefore, the court will not strike the material requested.

Finally, the Amended Complaint does make direct allegations against Marina Alexandrovich.  In addition, Plaintiffs allege that the acts of both Marina and Michael Alexandrovich were in furtherance of Defendants' marital community.  Therefore, the claims against Marina Alexandrovich are allowed to remain.

## IV.   DISCUSSION - MOTION TO STRIKE JURY REQUEST

Defendants' Motion to Strike Jury Request claims that the Plaintiffs' Request For Jury Trial is untimely.  Specifically, Defendants argue that under Rule 81 of the Federal Rules of Civil Procedure a party has only 10 days after removal to make a request for trial by jury.  Rule 81 states that "[i]f at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefore is served within 10 days after the petition for removal is filed."  Fed. R. Civ. P. 81.  The key part of this statement is "if at the time of removal all necessary pleadings have been served."  In this case there has been no answer.  Therefore, "all necessary pleadings" have not been served and Plaintiffs' request for trial by jury is timely because it was made: "after the commencement of the action and not later than 10 days after the service of the last pleading . . .."  Fed. R. Civ. P.38(b).

**Accordingly,**

**IT IS ORDERED** that Defendants' Motion to Strike (document 9) is DENIED.

14

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (documents 3 and 9) are GRANTED in part and DENIED in part as follows: The motion to dismiss is DENIED as to all claims except Counts II and IV, which are dismissed, without prejudice to being amended.  The motion to dismiss is DENIED as it goes to all other claims.

**IT IS FURTHER ORDERED** that Plaintiff has 20 days to file an Amended Complaint, amending Counts II and IV or Counts II and IV shall be dismissed without further notice to Plaintiffs.

**IT IS FURTHER ORDERED** that Motion to Strike Plaintiffs' Response (document 24) shall be treated as a reply and docketed accordingly.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Jury Request (document 10) is DENIED.

DATED this 11th day of April, 2006.


David C. Bury
United States District Judge